**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| KATHERINE CAITO<br>    Plaintiff,<br><br>    v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.<br>    Defendants. | C. A. No. 13-429-M |

|  |  |
|---|---|
| BRUCE R. CARTER & BARBARA A.<br>CARTER<br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK, N.A., AS TRUSTEE FOR<br>SPECIALTY UNDERWRITING AND<br>RESIDENTIAL FINANCE TRUST 2007-<br>BC1 CERTIFICATE SERIES 2006-3<br>    Defendant. | C. A. No. 14-413-M |

|  |  |
|---|---|
| JOSE RAFAEL CABRERA<br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO.,<br>AS TRUSTEE FOR ASSET<br>SECURITIZATION CORPORATION TRUST,<br>2006-OPT2, et al.<br>    Defendants. | C. A. No. 14-231-M |

| | )
|---|---|
| KIP PAULUS AND LISA PAULUS<br>      Plaintiffs, | )<br>)<br>) |
| | )<br>) |
| v. | )                    C. A. No. 14-532-M |
| | )<br>) |
| WELLS FARGO BANK, N.A., et al.<br>      Defendants. | )<br>)<br>) |

## ORDER

This Court is not new to mortgage foreclosure litigation[1]—an era that dawned in the wake of a financial crisis and the instability of the housing market that followed.  It has issued several orders, in accordance with the law of this circuit and state law of Rhode Island, ruling on the sufficiency of the complaints and the homeowners' standing to bring them.  In the four cases at bar, Plaintiffs, who filed suit alleging that Defendants illegally foreclosed on their homes, try out a different legal theory to overcome the hurdle of standing.  Plaintiffs allege that the assignment of the mortgage and transfer of the note to a trust violated the terms of the Pooling and Servicing Agreements ("PSA") because they were made after the trusts' closing dates, rendering the assignments ineffective and void.  Relying on a New York state law case, *Wells Fargo Bank, N.A. v. Erobobo,* Plaintiffs allege that this void, as opposed to voidable, assignment gives them standing to challenge the assignments and subsequent foreclosures.  39 Misc. 3d 1220(A), 972 N.Y.S.2d 147, at *8–9 (N.Y. Sup. Ct. 2013) ("*Erobobo I*").  Plaintiffs also allege that their mortgage assignments into the trusts caused adverse tax consequences because they

---

[1] This Court has handled almost 1200 individual cases on its Mortgage Foreclosure Docket 11-mc-88-M-LDA.

violated 26 U.S.C. § 860A, which governs taxation of Real Estate Mortgage Investment Conduits ("REMIC").

Defendants filed dispositive motions, either to dismiss or for judgment on the pleadings.[2] In the meantime, the *Erobobo I* decision, the reasoning of which had been questioned by several courts, was overturned.[3] *Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176 (N.Y. App. Div. 2015) ("*Erobobo II*"). On appeal, the court found that "Erobobo, as a mortgagor whose loan is owned by a trust, does not have standing to challenge the [assignee's] possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA." *Id.* at 1178. Recognizing that the *Erobobo I* decision, which Plaintiffs cited in their First Amended Complaint, no longer supported their legal claim, Plaintiffs filed motions to amend the complaint in each case[4], sticking to their legal theory, but seeking to remove the citations to the now overturned *Erobobo I* decision, in addition to substantively responding to Defendants' motions. This Court must address the same two issues at hand in each of the four cases: (1) do Plaintiffs' allegations confer standing and (2) should this Court allow Plaintiffs to amend their complaint as proposed?

1.    **STANDING**

The First Circuit has explained that "standing [is] appropriate in instances where a mortgagor 'challenge[s] a mortgage assignment as invalid, ineffective, or void,' although not

---

[2] In *Caito*, Motion to Dismiss (ECF No. 10); in *Carter*, Motion for Judgment on the Pleadings (ECF No. 7); in *Cabrera*, Motion to Dismiss (ECF No. 6); and in *Paulus*, Motion for Judgment on the Pleadings (ECF No. 5).

[3] In fact, before the New York appellate court overturned *Erobobo I*, the First Circuit "note[d] without decision . . . that the vast majority of courts to consider the issue have rejected *Erobobo's* reasoning, determining that despite the express terms of [EPTL] § 7–2.4, the acts of a trustee in contravention of a trust may be ratified, and are thus voidable." *Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 (1st Cir. 2014).

[4] In *Caito* (ECF No. 26), in *Carter* (ECF No. 14), in *Cabrera* (ECF No. 14), and in *Paulus* (ECF No. 19).

where the challenge would 'render [the assignment] merely voidable . . . but otherwise effective to pass legal title.'" *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013) (quoting *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013)). Although this Court has not addressed whether a violation of a PSA provision, such as a post-closing date assignment transfer into a trust, is void or voidable under a standing analysis, the First Circuit Court of Appeals has, holding that "claims that merely assert procedural infirmities in the assignment of a mortgage, *such as a failure to abide by the terms of a governing trust agreement*, are barred for lack of standing." *Id.* (emphasis added); *see also Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 (1st Cir. 2014); *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 10 (1st Cir. 2014). This reasoning is in line with the New York Appellate Division's *Erobobo II* holding that "a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA." 127 A.D.3d at 1178 (citations omitted).

While that is all that needs to be said to find that Plaintiffs lack standing to pursue their claims and grant Defendants' motions,[5] this Court will devote a line or two to the concept of ratification, especially since the *Butler* decision mentions that concept and Plaintiffs focus

---

[5] Additionally, though it is an open question in this circuit, Plaintiffs may also lack standing to pursue their REMIC allegations because there may be no private right of action to enforce this section of the Internal Revenue Code. *See, e .g., Kloss v. RBS Citizens, N.A.*, No. 13–12833, 2014 WL 495408, at *8 (E.D. Mich. Feb. 6, 2014) ("[T]here is no private right of action available to challenge any perceived violation of 26 U.S.C. § 860A–G.") (internal citation and quotation marks omitted); *Oliver v. Delta Fin. Liquidating Trust*, No. 6:12–cv–00869–AA, 2012 WL 3704954, at *2 n. 8 (D. Or. Aug. 27, 2012) (REMIC Tax Regulations "do [ ] not create a private right of action but rather regulate[ ] the taxation of REMIC trusts."); *Obal v. Deutsche Bank Nat. Trust Co.*, No. 14 CIV. 2463, 2015 WL 631404, at *4 (S.D.N.Y. Feb. 13, 2015), *reconsideration denied sub nom., Obal v. Deutsche Bank Nat. Trust Co. as Tr. for Morgan Stanley Mortgage Loan Trust 2004-9*, No. 14 CIV. 2463, 2015 WL 3999455 (S.D.N.Y. June 29, 2015).

intently on it. Essentially, Plaintiffs argue that ratification is not practicable because it would require thousands of investors in the trust to sign off on the transfer. But the void versus voidable issue does not rest on whether the ratification process is onerous or feasible. Where "the acts of a trustee in contravention of a trust *may* be ratified, [] [they] are [] voidable." *Butler*, 748 F.3d at 37 (emphasis added); *see Anh Nguyet Tran v. Bank of New York*, 2014 WL 1225575, at *5 (S.D.N.Y. March 24, 2014) ("Notably, trust beneficiaries need not *actually* ratify the act to render an act voidable and therefore outside the scope of EPTL § 7–2.4, rather, the fact that trust beneficiaries *could* ratify such an act is sufficient to render it voidable."). In light of this definitive direction from the First Circuit, this Court finds that Plaintiffs' arguments based on the investors' potentially practical inability to ratify do not render the assignment void. As a result, Plaintiffs lack standing to assert their challenges to the assignment and Defendants' possession of their mortgages. *Culhane*, 708 F.3d at 291.

## 2.    AMENDMENT

Now this Court must consider whether to grant Plaintiffs' motions to amend their complaints. Federal Rule of Civil Procedure Rule 15(a) mandates that leave to amend is to be "freely given when justice so requires." *Id.* However, "[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 59 (1st Cir. 1990).

Plaintiffs' proposed Second Amended Complaints are substantially the same as their First Amended Complaints. The Second Amended Complaints (a) eliminate references to *Erobobo 1*, (b) set forth specific PSA provisions, and (c) allege that the assignments are void because they violated those provisions. Nothing in the Second Amended Complaints allege that any of these PSA violations caused Plaintiffs direct harm or that they were even aware of these alleged

violations. Any proposed changes merely spell out the exact PSA terms that Plaintiffs allege were violated evidencing Plaintiffs' continuing legal theory that the assignments are void because they violated the terms of the PSA. The First Circuit shot down this legal theory as a way to confer standing in *Butler* and *Wilson*. 748 F.3d at 37; 744 F.3d at 8. Without standing, Plaintiffs' theory expressed through their Second Amended Complaints cannot form a basis for relief and therefore would be futile.

3.    **CONCLUSION**

Plaintiffs' Motions to Amend (ECF No. 26 in *Caito*, ECF No. 14 in *Carter*, ECF No. 14 in *Cabrera*, and ECF No. 19 in *Paulus*) are all DENIED.

Defendants' Motions to Dismiss in *Caito* (ECF No. 10) and in *Cabrera* (ECF No. 6) and Defendants' Motions for Judgment on the Pleadings in *Carter* (ECF No. 7) and in *Paulus* (ECF No. 5) are all GRANTED.

Each of the four cases is dismissed as to all Defendants and all claims.


IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 21, 2015.

6